JOSE L. RODRIGUEZ V. THE STATE.

No. 22322. Delivered December 9, 1942.

The opinion states the case.

*Reese Wade,* of Beeville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confine--ment in the State penitentiary for a term of twenty-five years.

Appellant and Ysa R. Gonzales were jointly indicted for the murder of Louis Mosquedo. Upon the trial a motion for severance was granted and appellant alone was put on trial, which resulted in his conviction as above stated.

His first complaint relates to the court's action in declining to sustain his challenges for cause to certain prospective jurors by reason of which he claims he was forced to accept an objectionable juror. The bills of exception bringing forward this complaint are qualified by the court who states in his qualification that appellant challenged jurors Bagley and Hatcher for cause, which was overruled, and he thereupon peremptorily challenged each of said jurors. Consequently no injury resulted to him from this proceeding; that after nine jurors had been selected appellant challenged juror Gregorczyk for cause, which challenge was overruled and he accepted the juror although he had nine peremptory challenges left. Under this state of facts we fail to see any error reflected in the bills of exception.

Appellant next contends that the court erred in declining to sustain his motion for an instruction to the jury to acquit him upon the ground that the evidence failed to show that he inflicted any of the fatal wounds upon the deceased. The record does not sustain appellant's contention. The State's evidence shows that the deceased was stabbed four times; twice in the neck and twice under the left armpit. One of the stab wounds in the neck severed the carotid artery and the other the jugular vein, each of which being a fatal wound. One of the wounds in the side was superficial but the other was three inches deep. One of the State's witnesses, who was present at the scene of the killing, testified that he saw appellant stab the deceased in the neck while he (deceased) was standing in front of a beer tavern with his hands down by his side. Consequently there was evidence that appellant inflicted the fatal wounds. Although appellant denied that he stabbed the deceased in the neck he, nevertheless, admitted inflicting the wounds under the left armpit. It will be noted that an issue of fact was raised which the jury determined adversely to him. Moreover, there is evidence in the record to the effect that appellant and his brother, Gonzales, were acting together in the commission of the offense. If Gonzales inflicted the fatal wounds but both acted together in pursuance of previously-formed design and with a common intent, then appellant would, nevertheless, be guilty as a prin-

cipal. Hence his contention is without merit. See Articles 65, 66 and 69, P. C.; Martinez v. State, 152 S. W. (2d) 369.

Appellant addressed quite a number of objections to the court's charge and requested eight special charges, one of which the court gave. To discuss each one separately would extend this opinion at great length and serve no useful purpose. The court correctly instructed the jury on the law of murder, with and without malice, on the law of principals, self-defense, and in defense of another against real or apparent danger; or if they believed that some person other than the defendant killed the deceased, to acquit him. He also gave an unrestricted charge on his right to defend against a lesser attack than one which threatened life or serious bodily injury, without requiring him to first resort to all means at his command. This was a more favorable charge than what appellant was entitled to.

Appellant seriously contends that the court erred in his instruction on the law of principals on the ground that the evidence did not justify such an instruction. It is our opinion that there was sufficient evidence to show that appellant and Gonzales acted together in the commission of the offense. It appears from the record that a very short time prior to the killing, Gonzales and the deceased had a fist fight at the White Horse Tavern; that from there Gonzales was taken to his home where he informed appellant as to what had happened. Thereupon appellant and Gonzales went to look for the deceased. They went from their home, through the beer tavern, to where the deceased was standing on the porch, and there an encounter began between Gonzales and the deceased in which appellant participated. There is also some evidence to the effect that when appellant and Gonzales came through the beer tavern looking for the deceased he (appellant) had an open knife in his hand, and as soon as he came within stabbing distance of the deceased he began stabbing him before the deceased ever said a word or raised a hand. In our opinion, the evidence is ample to authorize the instruction on the law of principals.

Appellant also objected to the court's charge on the ground that it did not, in separate paragraphs, charge on the law of self-defense and upon the law relative to the defense of Gonzales. This is true. However, the court very distinctly instructed the jury that if they believed from the evidence that appellant killed the deceased but that he did so in the defense of him-

self or in defense of Gonzales against actual or apparent danger, they should acquit him. Had the court, by his charge, made appellant's right of self-defense depend upon both his defense and that of his brother, then there might be some merit in his contention, but such is not the case. The court, in his charge, gave appellant the unqualified right of self-defense against any kind of unlawful attack either upon himself or upon his brother.

Another complaint is that the court erred in failing to instruct the jury that appellant also had the legal right to defend against an unlawful and violent attack at the hands of a dark man who was standing near the deceased when appellant and his brother, Gonzales, appeared on the scene where the killing occurred. We do not believe the evidence raised such an issue. Of course, on direct examination by his attorney, appellant said that the dark-complexioned man cut him, but he later corrected that statement by saying that he did not know who cut him on the hand; that he did not know whether it was the deceased or Gonzales, as he was between them, or trying to get between them, when he was cut.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.